UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DARRYL WAYNE MCKNIGHT, JR., | ) | CASE NO. 1:22-cv-617 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE BRIDGET M. BRENNAN |
| v. | ) | |
| | ) | |
| CUYAHOGA COURT EMPLOYEES, | ) | |
| *et al.*, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

*Pro se* plaintiff Darryl Wayne McKnight, Jr. filed this *in forma pauperis* action against "Cuyahoga Court Employees," Cuyahoga County Prosecutor Eamon McDermott, Cuyahoga County Judge Deena Calabrese, Trent Wright, and Attorney Jonathan McDonald. (Doc. No. 1.) Plaintiff's complaint concerns his criminal matter in the Cuyahoga County Court of Common Pleas, Case No. CR-21-661662-A. (*See* Doc. No. 1-2). Plaintiff seeks "up to 20 million" in damages. For the following reasons, this case is dismissed pursuant to 28 U.S.C. §1915(e).

**I. Background**

On April 18, 2022, Plaintiff filed an action against "Cuyahoga Court Employees," which apparently included several individuals involved in Plaintiff's criminal matter in state court: the prosecutor, his defense attorney, the judge, and a court clerk. Plaintiff appears to allege that the defendants have repeatedly continued his case without his consent and in violation of his speedy trial rights. Plaintiff also appears to allege that he fired his attorney, but Judge Calabrese permitted the attorney to make decisions on his behalf. (Doc. No. 1-2.)

## II. Standard of Review

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

## III. Law and Analysis

As an initial matter, the complaint consists only of bare, conclusory defendants-

unlawfully-harmed-me allegations, providing no facts upon which a court could find the defendants engaged in any wrongdoing. The complaint therefore fails to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678.

Regardless of Plaintiff's conclusory assertions, the Court finds that Plaintiff's complaint must be dismissed. A review of the Cuyahoga County Court of Common Pleas docket reveals that Plaintiff's criminal proceedings are still pending in the state court.[1] This Court must therefore abstain from hearing challenges to the state court proceedings. A federal court must abstain from interfering with pending state court proceedings involving important state interests absent extraordinary circumstances that are not present here. *See Younger v. Harris*, 401 U.S. 37, 44-45 (1971). When an individual is the subject of an ongoing state action involving important state matters, he or she cannot interfere with the pending state action by maintaining a parallel federal action involving claims that could have been raised in the state case. *Watts v. Burkhart*, 854 F.2d 839, 844-48 (6th Cir.1988). If a state defendant files such a case, the *Younger* abstention requires the federal court to defer to the state proceeding. *Id.*; *see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987).

Based on these principles, abstention is appropriate where: (1) the state proceedings are ongoing, (2) the state proceedings implicate important state interests, and (3) the state proceedings afford the plaintiff with an adequate opportunity to raise federal questions. *Leveye v. Metro. Pub. Def. Office*, 73 F. App'x 792, 794 (6th Cir. 2003) (citing *Younger*, 401 U.S. at 43-45). Regarding the final factor, the relevant inquiry is whether the state proceedings afford an adequate opportunity to raise the federal claims. *Moore v. Sims*, 442 U.S. 415, 430 (1979). The

---

[1] The Court takes judicial notice of the public dockets, opinions, and proceedings issued by other courts. *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980) (citation omitted).

plaintiff bears the burden of demonstrating that state procedural law bars presentation of his claims. *Pennzoil*, 481 U.S. at 14. When a plaintiff has not attempted to present his federal claims in the state court proceedings, the federal court should assume that state procedures will afford an adequate remedy, in the absence of "unambiguous authority to the contrary." *Id.* at 15.

Abstention is mandated whether the state court proceeding is criminal, quasi-criminal, or civil in nature as long as federal court intervention "unduly interferes with the legitimate activities of the state." *Younger*, 401 U.S. at 44.

Here, the Court finds all three factors supporting abstention are present. Plaintiff's criminal proceedings are still pending. And criminal proceedings implicate important state interests. *See Leveye*, 73 F. App'x at 794 (a criminal case implicates an important state interest as state criminal prosecutions have traditionally been considered an arena in which federal courts decline to interfere) (citing *Younger*, 401 U.S. at 43-45). Lastly, there has been no showing that the claims asserted by Plaintiff in this federal action are barred in the state action.

A contrary ruling by the Court would unduly interfere with state court proceedings. This Court must therefore abstain from interfering with Plaintiff's pending state criminal proceedings.

### IV. Conclusion

Accordingly, Plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2) is granted, and this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision may not be taken in good faith.

**IT IS SO ORDERED.**

_____
BRIDGET M. BRENNAN
UNITED STATES DISTRICT JUDGE

Dated: August 2, 2022